The document below is hereby signed.

Signed: October 20, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERIN MICHELLE ROSEBAR, | ) | Case No. 20-00006 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DAVID BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 20-10011 |
| ERIN MICHELLE ROSEBAR, *et al.*, | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION RE
PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT

This adversary proceeding began as a civil action against
Michael Rosebar, Erin Michelle Rosebar, and Ebonee Price in the
Superior Court of the District of Columbia.  The claims against
Ebonee Price were dismissed by stipulation filed in the Superior
Court on August 16, 2015.  On May 19, 2016, the Superior Court
entered a default against Erin Michelle Rosebar.  The Superior

Court dismissed the claims against the Rosebars in September 2016, but the District of Columbia Court of Appeals set aside that dismissal on June 27, 2019.  On January 6, 2020, Erin Michelle Rosebar commenced her bankruptcy case in this court, Case No. 20-00006.  David Brooks removed his claims against Erin Michelle Rosebar in the Superior Court civil action to this court on March 26, 2020.  Brooks did not remove the claims against the other defendants.

At a hearing of May 28, 2020, the court addressed the issue of Erin Michelle Rosebar being in default, and outlined a procedure for Brooks to obtain entry of a default judgment against Erin Michelle Rosebar for his monetary damages, and for addressing Brooks's request for injunctive relief (with the court expressing doubts regarding having subject matter jurisdiction regarding the requested injunctive relief).  As a result of that hearing, this court has issued an order on June 5, 2020, consistent with the deadlines announced at the hearing of May 28, 2020, directing:

> that by June 11, 2020, David Brooks shall file (a) a statement of damages and (b) a request for injunction, which shall be supported by affidavits; that by June 25, 2020, Erin Rosebar may file any opposition to Brooks's filings, supporting any facts therein with affidavits; and that by July 2, 2020, Brooks may file any reply.

The order set a further hearing for July 9, 2020, at 10:30 a.m. to address the forthcoming filings.

On June 5, 2020, Brooks filed his *Statement of Damages and*

*Request for Injunction by Reason of Default*.  On June 25, 2020,
Ms. Rosebar filed two documents (whose contents were largely
identical) that I will treat as filed in opposition to the
request for a default judgment.

The parties appeared at a hearing on July 9, 2020, at
10:30 a.m.  A hearing was also held that morning in Ms. Rosebar's
bankruptcy case, Case No. 20-00006.  The court further considered
its order signed one day earlier dismissing the main case with
prejudice for 180 days, and decided not to impose coercive
sanctions there, as Ms. Rosebar's motion to dismiss the main case
purged her of contempt for failure to produce documents pursuant
to her examination under Fed. R. Bankr. P. 2004(c).  However, the
dismissal of the main bankruptcy case did not terminate the
adversary proceeding.  *Porges v. Gruntal Co. (In re Porges)*,
44 F.3d 159, 162 (2d Cir. 1995) ("[N]othing in the Bankruptcy
Code requires a bankruptcy court to dismiss related proceedings
automatically following the termination of the underlying
case.").

As to the adversary proceeding, the court decided at the
hearing of July 9, 2020, to remand the claim for injunctive
relief to the Superior Court because subject matter jurisdiction
over that claim was doubtful.  An order remanding the claim for
injunctive relief to the Superior Court follows, with the order
noting that the claims against Michael Rosebar remain pending in

3

the Superior Court.

The court decided to retain jurisdiction over the claim for damages.  This court had already expended substantial time establishing a procedure at the scheduling conference of May 28, 2020, to fix the amount of damages; David Brooks prepared and filed the declaration setting forth his damages; and the court has spent considerable time reviewing that declaration as well as Ms. Rosebar's response (which failed in any way to challenge David Brooks's Declaration).  Although the claim for damages could be remanded to the Superior Court, Brooks has already suffered long delay, and a remand would result in further delay.

As to the request for damages, the court concluded that Brooks's filing, supported by his Declaration under penalty of perjury, established an entitlement to damages, and that the filings of June 25, 2020, by Rosebar and her presentation at the hearing of July 9, 2020, did not rebut Brooks's showing of an entitlement to damages.

Ms. Rosebar failed to articulate any reason why the court ought not treat the damages as established by David Brooks's Declaration.  She contested at the hearing, but not in her filings, whether she ever defamed Brooks, but her being in default barred her from contesting that fact.  She had adequate opportunity to obtain the services of an attorney in this adversary proceeding and neglected to do so.  Instead, in

opposing Brooks's declaration, she had her incarcerated husband prepare the opposition that she filed.

The damages sought by Brooks for financial losses will largely be awarded. Brooks seeks slightly more than $286,000 in damages for loss of income, and his Declaration sets forth a sound basis for that amount of damages. His estimate of lost income for each year from 2014 through 2021 for his security camera sales is based on reasonable assumptions and historical annual sales increases. He then values that yearly lost income for each year as of January 1, 2014, based on a net present value. I tally the aggregate of those net present values of lost income for the years 2014 through 2021 to be $165,680 as of January 1, 2014. Finally, Brooks reasonably projects what the business could have sold for at the end of 2021 based on projected revenues of $53,216 for 2021 multiplied by the standard price of 3.5 times annual revenue, to yield a sale value of $186,256. He calculates the net present value of the $186,256 to be $136,095 as of January 1, 2014. Brooks has reduced the amount sought by $15,767, the net present value as of January 1, 2014, of profits he actually realized in the period of 2014 to 2015. The financial loss suffered thus totals $286,008 (the result of $165,680 + $136,095 - $15,767) as of January 1, 2014, based on

net present values.[1]  Brooks seeks prejudgment interest from
January 1, 2014.  The court has discretion under D.C. Code § 15-
109 to award prejudgment interest to make Brooks whole for lost
profits.  *See Fed. Mktg. Co. v. Virginia Impression Prods. Co.*,
823 A.2d 513, 532 (D.C. 2003), citing *District of Columbia v.
Pierce Assocs., Inc.*, 527 A.2d 306, 311 (D.C. 1987).  It is
appropriate to award such interest at the statutory rate of 6%
per annum on the financial losses standing at $286,008 as of
January 1, 2014.  I calculate that 6.80327869 years have passed
since January 1, 2014.  At 6% per annum, the $286,008 in
financial damages should be increased by $116,747.55 as of today
(the result of .06 x 6.80328 x $286,008).  Accordingly, the total
owed for financial losses and prejudgment interest thereon is
$402,755.55.

Brooks seeks $250,000 in damages for injury to reputation
and related mental anguish.  I agree that it is appropriate to
make such an award, but in my discretion I find that $200,000 is
the appropriate amount to award.  Having observed Brooks in many
hearings it is apparent that Ms. Rosebar's conduct, which damaged
Rosebar's reputation, has subjected him to mental anguish.
However, $200,000 is an adequate measure of the damages to
Brooks's reputation and the mental anguish he has suffered.

---

[1]  There was a slight error in Brooks's totaling of the
amounts at issue.  He came up with $286,209 as the total.

6

Finally, Brooks seeks punitive damages of at least $50,000. Ms. Rosebar's conduct was willful and malicious, and warrants an award of $50,000 in punitive damages, which is less than 11% of the other damages suffered of $486,008.  However, I will not award prejudgment interest on the claim for punitive damages or on the award for the award for injury to reputation and related mental anguish.

A judgment follows.

[Signed and dated above.]

Copies to: David Brooks; Erin Michelle Rosebar, recipients of e-notifications of orders.