The order below is hereby signed.

Signed: March 29 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **David Brooks,**<br>    **Plaintiff,**<br><br>**v.**<br><br>**Erin Michelle Rosebar, et al.,**<br>    **Defendants.** | **Adv. Pro. 20-10011-ELG** |

## <u>MEMORANDUM OPINION AND ORDER GRANTING RECONSIDERATION</u>

Before the Court is the fully briefed *Motion for Reconsideration* (the "Motion for Reconsideration")[1] filed by defendant Erin Michelle Rosebar (the "Defendant") that asks the Court to reconsider the *Memorandum Decision RE [sic] Plaintiff's Request for Default Judgment*

---

[1] *Brooks v. Rosebar (In re Rosebar)*, Adv. Pro. No. 20-10011 (Bankr. D.D.C. Nov. 3, 2020), ECF No. 36, hereinafter Document Title, *Brooks v. Rosebar*, ECF No. __. In addition to this adversary proceeding, there are two additional cases and dockets cited herein, as follows: Citations to the Defendant/Debtor's chapter 13 case, *In re Rosebar*, No. 20-00006-ELG (Bankr. D.D.C. Jan. 6, 2020) shall be referred to by Document Title, *In re Rosebar*, ECF No.__; and citations to the underlying District of Columbia Superior Court Case removed to this adversary proceeding *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct.) shall be referred to by Document Title, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. date of docket entry).

(the "Opinion")[2] and related orders entered by the Court on October 20, 2020[3] in favor of the plaintiff David Brooks (the "Plaintiff").[4] In addition, before the Court is the *Motion to Strike or Disregard Defendant's Post-hearing Brief* (the "Motion to Strike")[5] filed by the Plaintiff as part of the briefing on the Motion for Reconsideration. For the reasons set forth herein, the Court denies the Motion to Strike, grants the Defendant's Motion for Reconsideration, vacates the Opinion,[6] Judgment,[7] and the *Order Remanding This Adversary Proceeding to the Superior Court of the District of Columbia Except for the Monetary Claims Against Erin Michelle Rosebar*,[8] and remands the entire case back to the District of Columbia Superior Court for further action.

## I.    Background

### a.  *Facts Related to the Opinion*

The history between the parties, including the briefing and supporting documents related to the Motion for Reconsideration are hundreds of pages covering a multitude of issues between the parties, most of which are not relevant to the question of reconsideration, and which the Court does not endeavor to summarize herein. The facts relevant to the Court's decision on reconsideration of the Opinion are much narrower. As a starting point, the Opinion lays out, in basic terms, that this adversary proceeding originated as a civil defamation case (the "Defamation

---

[2] Mem. Decision [sic] Pl.'s Req. Default J., *Brooks v. Rosebar*, ECF No. 26.

[3] *Brooks v. Rosebar*, ECF Nos. 27, 28, 29.

[4] The Opinion was issued by previous Bankruptcy Judge for the Bankruptcy Court for the District of Columbia S. Martin Teel, Jr. The case was reassigned to Judge Gunn in April 2021 after the Motion for Reconsideration was fully briefed, but before a hearing was set thereon.

[5] Mot. Strike or Disregard Def.'s Post-Hr'g Br., *Brooks v. Rosebar*, ECF No. 124.

[6] Mem. Decision [sic] Pl.'s Req. Default J., *Brooks v. Rosebar*, ECF No. 26.

[7] Judgment, *Brooks v. Rosebar*, ECF No. 28.

[8] Order Remanding this Adversary Proceeding to the Supr. Ct. D.C. Except for the Monetary Claims Against Erin Michelle Rosebar, *Brooks v. Rosebar*, ECF No. 29.

Claim") filed in the Superior Court of the District of Columbia (the "Superior Court") by the Plaintiff against the Defendant, Michael Rosebar, and Ebonee Price, that was partially removed to this Court on March 26, 2020.[9] At the time of removal of the Defamation Claim, Ms. Price had been dismissed as a defendant and default had been entered by the Superior Court in May 2016 against the Defendant as a discovery sanction.[10] There was no default issued as to Mr. Rosebar. As a result of numerous procedural issues in the case, the Plaintiff did not file a Praecipe requesting a hearing for entry of a default judgment against the Defendant as required by D.C. Superior Court Rule of Civil Procedure 55 until September 2019 (the "Praecipe").[11] The Superior Court scheduled a hearing on the Praecipe on January 10, 2020.[12]

Four days before the hearing on the Praecipe, on January 6, 2020, the Defendant filed a voluntary petition[13] under Chapter 13 of the Bankruptcy Code initiating case 20-00006.[14] The Defendant's chapter 13 filing initially triggered the automatic stay with regard to the Defamation Claim, including the hearing on the Praecipe and the request for entry of a default judgment. However, because the January 2020 case was the Defendant's second bankruptcy case pending within a year,[15] and under § 362(c)(3)(B), absent further order of the Court, the automatic stay

---

[9] Opinion at 1–2, *Brooks v. Rosebar*, ECF No. 26; Mem. Supp. Mot. at 3, *Brooks v. Rosebar*, ECF No. 36–3.

[10] Order Granting in Part and Denying in Part Mot. Contempt of Wendell Robinson and Erin Rosebar for Walking out of Dep. in Defiance of Court Order to Answer Dep. Questions, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. May 20, 2016).

[11] Praecipe Req'g Setting of Ex Parte Proof Hr'g, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Sept. 9, 2019).

[12] Notice of Hr'g, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Nov. 12, 2019).

[13] Vol. Pet., *In re Rosebar*, ECF No. 1.

[14] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[15] Mot. Extension Automatic Stay, *In re Rosebar*, ECF No. 10.

would expire on the 31st day of the case.[16] The Defendant timely filed a motion to extend the automatic stay (the "Motion to Extend")[17], which the Plaintiff opposed.[18] A hearing on the Motion to Extend was held on February 4, 2020, at which point the automatic stay was extended through and including a final hearing to be held on March 3, 2020.[19] Following the March 3, 2020 hearing, the Court entered an order terminating the stay as to all parties effective March 4, 2020 (the "Stay Termination Order").[20]

Over three weeks after entry of the Stay Termination Order, the Plaintiff filed his notice of removal (the "Notice of Removal") initiating this adversary proceeding.[21] Despite the existence of hundreds of pages of pleadings relating to the Defamation Claim in the Superior Court, the Notice of Removal only attached a copy of the Superior Court docket sheet and approximately fifty-eight pages of Plaintiff-selected pleadings.[22] The Notice of Removal stated that the Defendant was in default as to the Defamation Claim and acknowledged that he "did not understand the difference between a default and a default judgment and therefore did not move for a default judgment."[23]

---

[16] §§ 362(c)(3)(A), (B).

[17] *See* Mot. Extension Automatic Stay, *In re Rosebar*, ECF No. 10.

[18] Creditor David Brooks' Opp'n to Debtor Erin Rosebar's Mot. for Extension of Automatic Stay, *In re Rosebar*, ECF No. 33.

[19] Minute Entry, *In re Rosebar*, ECF No. 22; Order Conditionally Extending Automatic Stay; Setting Hr'g, If Necessary, to Consider Whether the Extension of the Stay Ought to Be Terminated; and Giving Notice of the Opportunity to Oppose the Extension of the Stay Remaining in Place, *In re Rosebar*, ECF No. 25.

[20] Order Terminating Automatic Stay as to All Creditors, *In re Rosebar*, ECF No. 36.

[21] Notice of Removal, *Brooks v. Rosebar*, ECF No. 1.

[22] The list of pleadings appended to the Notice of Removal can be found at page 5 thereof. Notice of Removal at 5, *Brooks v. Rosebar*, ECF No. 1.

[23] Notice of Removal at ¶ 5, *Brooks v. Rosebar*, ECF No. 1.

A status hearing on the Notice of Removal was set for May 28, 2020.[24] Due to the onset of

the COVID-19 pandemic, the Court conducted the status hearing by telephone, at which hearing

both the Plaintiff and Defendant appeared *pro se*.[25] Following conclusion of the status hearing, the

Court entered a minute order continuing the status hearing, establishing a briefing schedule, and

setting certain other deadlines. The minute order stated, in relevant part:

> Continued [t]o July 9, 2020 at 10:30 a.m. as a scheduling conference and to
> hear presentation via affidavits of issues regarding default judgment: . . .
>
> 2. David Brooks asserts that he is entitled to proceed to presenting evidence
> to obtain a default judgment, and that Erin Rosebar is restricted regarding the extent
> to which she can defend. Erin Rosebar seems to dispute that default was
> appropriate, but that can be addressed by her opposition to be filed to D. Brooks'
> presentation of evidence.
>
> 3. Issue of whether court can grant injunctive relief against Erin Rosebar
> (an issue of subject matter jurisdiction) will need to be addressed. The parties
> forthcoming papers (next addressed) can address that or court will address that on
> its own.
>
> 4. In light of the pandemic barring courtroom hearings, Court sets this
> schedule to attempt to dispose of the default judgment request via affidavits:
>
>> a. By June 11, 2020, D. Brooks to file statement of damages and request for
>> injunction (supported by affidavits);
>>
>> b. By June 25, 2020, Erin Rosebar shall file any opposition (supporting any
>> facts with affidavits).
>>
>> c. By July 2, 2020, D. Brooks to file any reply.
>>
>> d. The court will address those filings at the continued hearing on July 9,
>> 2020, at 10:30 a.m.[26]

A further clarifying order was entered on June 5, 2020, which reiterated that the Court would take

up the matter at a July 9, 2020 hearing (the "July 9 Hearing").[27] While each party was permitted

---

[24] *See* Notice, *Brooks v. Rosebar*, ECF No. 10.

[25] Minute Entry, *Brooks v. Rosebar*, ECF No. 11.

[26] *Id.*

[27] Order Setting Deadlines, *Brooks v. Rosebar*, ECF No. 13.

under the Court's affidavit procedure to respond to their opponent's affidavit, there was no procedure established for either party actually cross-examine the opposing affiant through testimony.

On June 11, 2020, Plaintiff filed his *Statement of Damages and Request for Injunction by Reason of Default* (the "Statement of Damages").[28] Two weeks later, on June 25, 2020, Defendant simultaneously filed her opposition to the Statement of Damages (the "Opposition")[29] and a Motion for Summary Judgment (the "Motion for Summary Judgment").[30] The Plaintiff filed his reply opposition on July 8, 2020 (the "Reply Opposition"), six days late, and the day before the July 9 Hearing.[31]

At the same time, while the briefing in this adversary proceeding was ongoing, on June 15, 2020, the Court entered an order in the Defendant's chapter 13 case which, *inter alia*, required the Defendant to file a pleading to show cause why her case should not be dismissed with prejudice for 180 days (the "Show Cause Order").[32] The Defendant did not file any response to the Show Cause Order. Therefore, on July 8, 2020 the Court signed, and the morning of July 9, 2020— roughly forty-five minutes prior to the scheduled July 9 Hearing in this adversary proceeding—

---

[28] Statement of Damages and Req. for Inj. by Reason of Default, *Brooks v. Rosebar*, ECF No. 14.

[29] Opp'n Mot. to Dismiss Pl. David Brooks Statements of Damages and Req. for Inj. by Reason of Default and to Dismiss the Pl's Req. for Subject Matter Jurisdiction and for Failure to State a Claim Fed R Bankr P[.] 7008 and Fed[.] R[.] Civ[.] P[.] 8(a) and Fed[.] R[.] Ciup [sic] 12(b)(1) and 12(b)(6), and 28 U[.]S[.]C[.] 1334(b), *Brooks v. Rosebar*, ECF No. 17.

[30] Mot. for Summ. J. Pursuant to Fed. R. Bankr. P. 7056, *Brooks v. Rosebar*, ECF No. 18.

[31] Reply Opp'n Mot. Dismiss Pl. David Brooks Statements Damages Req. Inj. Reason Default and Dismiss Pl. Req. Subject Matter Jurisdiction for Failure to State Claim and Fed R[.] Bankr[.] P[.] 7008 Fed R. Civ. P[.] 8(A) and Fed[.] R[.] Civ[.] P[.] 12(B)(1) and 12(B)(6), and 28 U[.]S[.]C[.] 1334(B), *Brooks v. Rosebar*, ECF No. 20. The Certificate of Service appended to the Opposition indicates that Plaintiff mailed the pleading to the Defendant via first class mail on July 7, 2020. Therefore, it is more likely than not that the Defendant did not receive or see the Reply Opposition prior to the July 9 Hearing.

[32] Mem. Decision and Order, *In re Rosebar*, ECF No. 102.

the Court entered an order dismissing the Defendant's chapter 13 case with prejudice for a period

of 180 days (the "Dismissal Order").[33] In the Dismissal Order, the Court acknowledged that the

Show Cause Order did not accurately reflect the status of the case as to a pending motion for relief

from stay potentially implicating § 109(g).[34] However, and without further explanation or analysis,

the Court went on to state in the Dismissal Order that the inaccuracy in the Show Cause Order did

not "alter the propriety of dismissing this case with prejudice for 180 days."[35] The Dismissal Order

further stated, without any legal citation or other analysis that:

> [U]nless otherwise ordered in Adversary Proceeding 20-10011, the court retains
> jurisdiction over that Adversary Proceeding 20-10011, a civil action removed from
> the Superior Court of the District of Columbia to this court with respect to the
> claims against the debtor.[36]

Despite dismissal of the Defendant's chapter 13 case with prejudice just hours prior, the

Court nevertheless conducted the July 9 Hearing related to the removed Defamation Claim to

"dispose of the default judgment request via affidavits."[37] During the July 9 Hearing, and contrary

to the scheduling order that only referenced subject matter jurisdiction as to the requested

injunctive relief, Judge Teel raised the issue of whether the Court should retain subject matter

jurisdiction over the entirety of Defamation Claim as a result of the dismissal of the Defendant's

underlying main bankruptcy case.[38] The hearing continued, without any prior notice or warning,

with Judge Teel asking two non-lawyer *pro se* parties to argue the legal question as to why the

Court should or should not retain subject matter jurisdiction over the entirety of the Defamation

---

[33] Order Dismissing Case Prej. 180 Days, *In re Rosebar*, ECF No. 112.

[34] *See id.*

[35] *Id.* at 1.

[36] *Id.*

[37] Tr. Hr'gs July 9, 2020 at 13:17–18, *Brooks v. Rosebar*, ECF No. 135 [hereinafter July 9 Tr.].

[38] *Id.* at 12:17–13:3.

Claim—both the damages and injunctive portions.[39]

Unsurprisingly, the Plaintiff, who chose to remove this case after the automatic stay was terminated and could have proceeded in Superior Court, argued that "this Court is capable of [ruling] and it could be done quickly and should be done."[40] The Defendant, whose bankruptcy case had been dismissed with prejudice less than an hour earlier, argued that the Defamation Claim "should stay in D.C. Superior Court because this is where it originally started back in . . . 2014."[41] Following conclusion of the "argument" portion of the July 9 Hearing, and without providing any opportunity for either party (i) to brief or otherwise research the legal question as to the continuing subject matter jurisdiction of the Court as to the entire Defamation Claim or (ii) cross-examine the opposite party on the contents if their affidavits, Judge Teel issued a tentative oral ruling.

Despite the dismissal of the underlying case, the tentative oral ruling found without further analysis that the Court continued to maintain subject matter jurisdiction over the damages portion of the Defamation Claim.[42] The Court then stated it would remand the Plaintiff's request for injunctive relief, subject to both (i) further review by the Court, and (ii) the issuance of a written memorandum.[43] After the July 9 Hearing, the Court entered a Minute Order summarizing the hearing, including the following:

> (2) The court retains jurisdiction to award a default judgment in favor of David Brooks for damages sought by his complaint. This court has already expended substantial time establishing a procedure at the scheduling conference of May 28, 2020, to fix the amount of damages; David Brooks prepared and filed the declaration setting forth his damages; and the court has spent considerable time reviewing that declaration as well as Ms. Rosebar's response (which failed in any

---

[39] *Id.* at 13:20–14:12.

[40] *Id.* at 15:22–23.

[41] *Id*. at 19:13–15.

[42] *Id*. at 28:24–33:15.

[43] *Id*. at 33:16–35:18.

way to challenge David Brooks' Declaration). Ms. Rosebar failed to articulate any reason why the court ought not treat the damages as established by David Brooks' Declaration. She contested whether she ever defamed Brooks, but the entry of default bars her from contesting that fact. She has had adequate opportunity to obtain the services of an attorney and neglected to do so. Instead, in opposing Brooks' declaration, she had her incarcerated husband prepare the opposition that she filed.

(3) The damages sought by Brooks' declaration are reasonable and will be awarded. Court will consider issuing only the decision, withholding entry of judgment, and remanding to the Superior Court to enter judgment.[44]

On July 10, 2020, Plaintiff, without leave of court, filed a *Memorandum in Support of Request for Judgment*.[45] This case then sat dormant until the October 20, 2020 issuance of the Opinion, in which the only legal standard stated for the continued retention of subject matter jurisdiction by this Court after dismissal of the Defendant's chapter 13 case was a citation to the Second Circuit opinion *Porges v. Gruntal Co.* in support of the broad statement that "the dismissal of the main bankruptcy case did not terminate the adversary proceeding."[46] However, the Opinion neither addresses, nor discusses what standard must be applied to determine whether a court's discretion should be exercised to retain jurisdiction beyond the general statement from *Porges*. The Opinion states at the basis for the exercise of discretion to retain subject matter jurisdiction over the Defamation Claim:

> The court decided to retain jurisdiction over the claim for damages. This court had already expended substantial time establishing a procedure at the scheduling conference of May 28, 2020, to fix the amount of damages; David Brooks prepared and filed the declaration setting forth his damages; and the court has spent considerable time reviewing that declaration as well as Ms. Rosebar's response

---

[44] Minute Order, *Brooks v. Rosebar*, ECF No. 22.

[45] Pl.'s Mem. Supp. Req. J., *Brooks v. Rosebar*, ECF No. 25. The pleading argues several reasons that this Court should consider in deciding to maintain subject matter jurisdiction, including references to the so-called time of filing doctrine, which does not take into consideration subject matter jurisdiction considerations outlined by the Supreme Court in its 2011 opinion in *Stern v Marshall*. *See Stern v. Marshall*, 564 U.S. 462, 473–76 (2011).

[46] Opinion at 3, *Brooks v. Rosebar*, ECF No. 26 (citing *Porges v. Gruntal Co. (In re Porges)*, 44 F.3d 159, 162 (2d Cir. 1995) ("[N]othing in the Bankruptcy Code requires a bankruptcy court to dismiss related proceedings automatically following the termination of the underlying case.")).

(which failed in any way to challenge David Brooks's [sic] Declaration). Although
the claim for damages could be remanded to the Superior Court, Brooks has already
suffered long delay, and a remand would result in further delay.[47]

Thus, the basis Judge Teel appears to have relied upon to retain subject matter jurisdiction was (i)

the creation of the summary affidavit procedure in May 2020 during a less than 1 hour status

conference; (ii) the "considerable time" stated to have been expended by the Court and the Plaintiff

(though there is no evidence of either in the record) as to the basis and determination of claim for

damages; and (iii) the apparent "further delay" that would be associated with a remand (again,

without any evidence in the record). There is no discussion of the factors to be considered nor

whether such facts are sufficient under *any* test for this Court to retain subject matter jurisdiction

over the Defamation Claim. It is upon this limited record that the Court must address the Motion

for Reconsideration.

### b.  *Facts Related to the Motion for Reconsideration*

On November 3, 2020, Defendant, by counsel, timely filed the Motion for

Reconsideration.[48] Plaintiff filed his *Opposition* on November 19, 2020, and a *Supplement*

(without leave of Court) on November 24, 2020.[49] Subsequently, Defendant timely filed a *Reply*

*Brief* on November 30, 2020.[50] The Motion for Reconsideration was set for an initial hearing on

December 11, 2020.[51] Over the next 14 months, the adversary proceeding would be reassigned to

the undersigned and the hearing on the Motion for Reconsideration would be continued multiple

---

[47] *Id.* at 4 (this holding is substantially similar to that found in the Minute Order, *Brooks v. Rosebar*, ECF No. 22).

[48] Def.'s Mot. Recon., *Brooks v. Rosebar*, ECF No. 36.

[49] Pl.'s Opp'n Def.'s Mot. Recon., *Brooks v. Rosebar*, ECF No. 43; Pl.'s Suppl. Opp'n Def's Mot. Recon., *Brooks v. Rosebar*, ECF No. 45.

[50] Def.'s Reply Br. Supp. Mot. Recon., *Brooks v. Rosebar*, ECF No. 46.

[51] Minute Entry, *Brooks v. Rosebar*, ECF No. 47.

times for various reasons, including to allow the parties to participate in mediation, which was not successful. Upon the conclusion of the mediation, the Court set the Motion for Reconsideration for a status conference on February 9, 2022.

At the conclusion of the February 9, 2022 hearing, the Court issued a *Scheduling Order*, which set an evidentiary hearing on the merits of the Motion for Reconsideration for March 29, 2022 (the "March 29 Hearing").[52] Following conclusion of the argument at the March 29 Hearing, the Court requested post-hearing briefs from the parties related to the Motion for Reconsideration. On April 14, 2022, the Plaintiff filed his *Post-Hearing Brief* and following a brief extension, on May 17, 2022, the Defendant filed her *Post-Hearing Brief*.[53] In her Post-Hearing Brief, the Defendant challenged the Court's retention of subject matter jurisdiction of the Defamation Claim following dismissal of her underlying chapter 13 bankruptcy case.[54] The Plaintiff filed the Motion to Strike the Defendant's pleadings as to the question of the Court's continued subject matter jurisdiction, the Defendant opposed that motion, and the Plaintiff filed a reply brief.[55] Upon submission of the Plaintiff's final reply brief, the Court thereafter took the Motion for Reconsideration and the Motion to Strike under advisement. For the reasons stated herein, the Court denies the Motion to Strike, grants the Motion for Reconsideration, and remands the entire Defamation Claim to the Superior Court.

---

[52] Scheduling Order, *Brooks v. Rosebar*, ECF No. 110.

[53] Pl.'s Post-Hr'g Br., *Brooks v. Rosebar*, ECF No. 120; Def. Erin Rosebar's Post-Hr'g Br., *Brooks v. Rosebar*, ECF No. 123.

[54] Def. Erin Rosebar's Post-Hr'g Br. at 10, *Brooks v. Rosebar*, ECF No. 123.

[55] Motion to Strike, *Brooks v. Rosebar*, ECF No. 124; Def. Erin Rosebar's Opp'n Mot. Strike, *Brooks v. Rosebar*, ECF No. 125; Pl's Reply Def's Opp'n Pl's Mot. Strike or Disregard Post-Hr'g Br., *Brooks v. Rosebar*, ECF No. 130.

## II.    Discussion

### a.    *Legal Standard for Reconsideration*

There is no rule that specifically provides for reconsideration of a Court's prior decision. However, most motions seeking reconsideration are filed under Civil Rules 59 and/or 60, made applicable to this adversary proceeding by Bankruptcy Rules 9023 and 9024, respectively. Civil Rule 59(e) permits a party to "file a 'motion to alter or amend a judgment'" and such a motion must be filed no later than 28 days "from entry of the judgment with no possibility of extension."[56] Civil Rule 60(b) provides alternative grounds for relief from a final judgment, order, or proceeding, and is not subject to a strict temporal limitation like those under Civil Rule 59(e).[57] Courts may consider a motion that is not timely under Civil Rule 59(e) under Civil Rule 60(b) if it states adequate grounds for relief.[58] Relief under either rule is discretionary.[59]

Applying these standards, the Court is mindful that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."[60] The relief available under Civil Rule 59(e) is not unlimited, and excludes "new arguments or evidence that the moving party could have raised before the decision issued."[61] In this Circuit, a Civil Rule 59(e) motion may be granted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[62]

---

[56] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting Fed. R. Civ. P. 60(b)(2) and 59(e)).

[57] Fed. R. Civ. P. 60(b); *compare* Fed. R. Civ. P. 59(b), *with* Fed. R. Civ. P. 60(c).

[58] *Butler v. Pearson*, 636 F.2d 526, 529 (D.C. Cir. 1980).

[59] *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1163 (D.C. Cir. 2021); *S. Pac. Commc'ns Co. v. Am. Tel. & Tel. Co.*, 740 F.2d 1011, 1017 (D.C. Cir. 1984).

[60] 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1 (3d ed. 2012).

[61] *Banister*, 140 S. Ct. at 173 (citing Wright *supra* n.60 at § 2810.1).

[62] *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004).

There are multiple subsections to Civil Rule 60(b) and the standard for relief differs based upon the subsection under which a movant seeks relief. In this case, the Motion for Reconsideration was filed under subsections (b)(1) and (b)(6). Civil Rule 60(b)(1) motions permit the court to grant relief from a final judgment upon a finding of mistake, inadvertence, surprise, or excusable neglect. Motions under Civil Rule 60(b)(1) are proper vehicles by which to address alleged mistakes of legal reasoning.[63]

Civil Rule 60(b)(6) is a catch-all provision that "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice ....'"[64] While Civil Rule 60(b)(6) does not direct courts to specific factors that "justify relief," the Supreme Court has cautioned "that it should only be applied in 'extraordinary circumstances.'"[65] Further, such circumstances should suggest that "the party is faultless in the delay," otherwise the proper avenue for relief would be under subsection (1) provided the party's neglect is "excusable."[66] Moreover, a party should not move under (b)(6) if either of subsections (1)–(5) are available.[67]

Although not pled in the Motion for Reconsideration, in the Reply brief, the Defendant raised the question of whether this Court had subject matter jurisdiction over the underlying removed action after the dismissal of the Defendant's chapter 13 case. The issue of a court's subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any

---

[63] *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022) ("Thus, as currently written, 'mistake' in Rule 60(b)(1) includes legal errors made by judges.").

[64] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1987) (quoting *Klapprott v. United States*, 335 U.S. 601 (1949)).

[65] *Riley v. BMO Harris Bank, N.A.*, 115 F. Supp. 3d 87, 94 (D.D.C. 2015) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

[66] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

[67] *Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011).

stage in the litigation, even after trial and the entry of judgment."[68] Thus, the issue is appropriate

in a motion for reconsideration even if not raised in the initial motion.[69] "[I]f the court that rendered

[a judgment] lacked jurisdiction of the subject matter . . . or entered 'a decree which is not within

the powers granted to it by the law,'"[70] the judgment is void.[71] Under Civil Rule 60(b)(4), a court

may grant relief from a judgment if the judgment is void, including in a case where the court lacked

subject matter jurisdiction. Thus, in determining whether there is a basis to reconsider the Opinion,

addressing the question of the Court's subject matter jurisdiction in this matter is not only

appropriate, but required. The Motion to Strike requests the Court strike or disregard the portions

of the Defendant's post-hearing brief raising the issue of subject matter jurisdiction.[72] Because

subject matter jurisdiction may be raised at any time, the Motion to Strike must be denied. If the

Court finds that it lacked subject matter jurisdiction after dismissal of the Debtor's chapter 13 case,

then the other questions raised in the Motion for Reconsideration are mooted. Accordingly, the

Court will first examine the issue of subject matter jurisdiction and whether the judgment was void

for lack of subject matter jurisdiction.

       *b.*    *Subject Matter Jurisdiction*

      Bankruptcy courts are courts of limited jurisdiction, and in that limited jurisdiction "there

are three types of proceedings over which bankruptcy courts have jurisdiction: those 'arising

---

[68] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted); *see also Dean v. United States*, 938 A.2d 751, 769 (D.C. 2007).

[69] *See* Fed. R. Civ. P. 60(b)(4) (relief may be granted when a "judgment is void").

[70] *Marshall v. Board of Educ.*, 575 F.2d 417, 422 (3rd Cir. 1978) (quoting *United States v. Walker*, 109 U.S. 258, 265–67 (1883)).

[71] *See also, United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (stating that the exception applies only in the rare instance where a judgment is premised on jurisdictional error or a violation of due process).

[72] Mot. Strike at 2, *Brooks v. Rosebar*, ECF No. 124 ("The Court should strike or disregard Defendant Erin Rosebar's Post Hearing Brief because it exceeds the narrow scope articulated by the Court and presents new and unchallenged facts and arguments that she did not present in her Motion, Reply or oral argument.").

under,' 'arising in,' and 'related to' cases under Title 11."[73] State court claims such as the

Defamation Claim do not arise under the bankruptcy code or arise in a bankruptcy case, they arise

out of state law and therefore necessarily fall under the "related to" category of bankruptcy court

jurisdiction.[74] In order for a bankruptcy court to have "related to" jurisdiction over a matter under

28 U.S.C. § 1334(b), the court must inquire "whether the outcome of [the] proceeding could

conceivably have any effect on the estate being administered in bankruptcy.'"[75]

     As stated *supra*, the Opinion correctly states that the dismissal of an underlying bankruptcy

case does not automatically result in the dismissal of a related adversary proceeding.[76] It is up to

the discretion of the bankruptcy court as to whether to retain subject matter jurisdiction of an

adversary proceeding post-dismissal of the underlying bankruptcy case.[77] However, a bankruptcy

court's discretion is not unfettered and the court may not retain subject matter jurisdiction over an

adversary proceeding if it does not have subject matter jurisdiction after the dismissal of the

underlying bankruptcy case.[78] In a case where an adversary proceeding is based solely upon state

---

[73] *Stern v. Marshall*, 564 U.S. 462, 473–76 (2011); *see also* 28 U.S.C. § 1334(b).

[74] *Stern*, 564 U.S. at 477 (citations omitted).

[75] *Pacor v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in which any way impacts upon the handling and administration of the bankrupt estate."); *see also Capitol Hill Grp. v. DCA Capitol Hill LTAC, LLC (In re Specialty Hosp. of Wash., LLC)*, 580 B.R. 302, 314 (D.D.C. 2017) (quoting *Pacor*, 743 F.2d at 994 ("the usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*.") (emphasis in original)).

[76] Opinion at 3, *Brooks v. Rosebar*, ECF No. 26 (citing *Porges v. Gruntal Co. (In re Porges)*, 44 F.3d 159, 162 (2d Cir. 1995) ("[N]othing in the Bankruptcy Code requires a bankruptcy court to dismiss related proceedings automatically following the termination of the underlying case.")); *see also Sundaram v. Briry, LLC (In re Sundaram)*, 9 F.4th 16, 23 (1st Cir. 2021).

[77] *See In re Stat. Tabulating Corp.*, 60 F.3d 1286 (7th Cir. 1995); *Chapman v. Currie Motors*, 65 F.3d 78 (7th Cir. 1995); *Porges*, 44 F.3d at 162.

[78] *See Bullock v. Simon (In re Bullock)*, 986 F.3d 733, 739 (7th Cir. 2021); *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009).

court causes of action, once the main bankruptcy case is dismissed, a bankruptcy court must conduct a thorough analysis of subject matter jurisdiction in considering whether to exercise its discretion to retain jurisdiction over the remaining adversary proceeding.[79] The Opinion did not conduct such an analysis.

Courts have identified multiple factors for bankruptcy courts to consider when conducting an analysis as to whether it has subject matter jurisdiction over an adversary proceeding post-dismissal of an underlying bankruptcy case, including: (i) judicial economy; (ii) fairness and convenience to the parties; (iii) the degree of difficulty of the related legal issue involved; and (iv) whether the remedies sought by the plaintiff are unique bankruptcy remedies.[80] No one factor is determinative, nor is any factor required. Instead, the factors serve to assist a court in its analysis of whether facts support an exercise of discretion to retain the case and a finding that the court has subject matter jurisdiction. The Court will address each factor with respect to this case.

### i.    Judicial economy

The concept of judicial economy strives to ensure that "disputes related to a single dispute should be resolved in the original forum."[81] In considering whether to retain subject matter

---

[79] As the Seventh Circuit so aptly described the analysis when the adversary proceeding is a "related to" claim:

> [W]hen the bankruptcy proceeding is dismissed, the adversary claim (when based solely on state law) is like the cartoon character who remains momentarily suspended over a void, spinning his legs furiously, when the ground has been (quite literally) cut out from under him. So tenuous is the federal link that the court ought to have the power to relinquish jurisdiction over the adversary claim if no possible federal interest, including the interest in reducing the cost of the bankruptcy process, would be served by retention.

*Chapman*, 65 F.3d at 81–82.

[80] *See Dells Land & Cattle Co. II, LLC v. Krus (In re Krus)*, Nos. 17-12413-13, 19-48, 2020 Bankr. LEXIS 2987, at *4–5 (Bankr. W.D. Wis. Oct. 23, 2020) (quoting *Rodriguez v. Volpentesta (In re Volpentesta)*, 187 B.R. 261, 270 (Bankr. N.D. Ill. 1995) (citations omitted)); *see also Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201–02 (5th Cir. 1993).

[81] *Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C. Cir. 1969) (citing *Den v. Den*, 375 F.2d 328 (D.C. Cir. 1967); *David v. Blumenthal*, 292 F.2d 765 (D.C. Cir. 1961)). Black's Law Dictionary defines 'judicial economy' as "the efficient management of litigation so as to minimize duplication of effort and to avoid wasting the judiciary's

jurisdiction, the analysis focuses on the status of the litigation, the time expended by the court, and whether a material delay would result if the Court declined to retain subject matter jurisdiction.[82] The dismissal of the Defendant's case occurred a mere four months after the removal from the Superior Court, where it had been ongoing since 2014.[83] Furthermore, at the time of removal, due to the Stay Termination Order, there was nothing prohibiting the Plaintiff from proceeding with the underlying litigation in Superior Court and requesting a rescheduled hearing on his Praecipe. The Superior Court was very familiar with the case and clearly had subject matter jurisdiction to issue not only a judgment on damages, but also the requested injunctive relief.[84] The Plaintiff chose to remove the case solely as to the Defendant to proceed in this Court resulting in the same claims against co-defendant Michael Rosebar (Defendant's husband) remaining in Superior Court.[85]

Without clear explanation, the Opinion further divides the underlying action by remanding the claim for injunctive relief to the Superior Court while retaining subject matter jurisdiction only

---

time and resources." *Judicial economy*, Black's Law Dictionary (11th ed. 2019).

[82] *See, e.g.*, *Burns v. Fannie Mae (In re Burns)*, No. CC-17-1082, 2018 Bankr. LEXIS 278, at *12 (B.A.P 9th Cir. Feb. 1, 2018) (explaining "judicial economy did not favor retention of the adversary proceeding" in part because the adversary proceeding "had not progressed beyond the complaint and the issues raised by the adversary complaint are matters of state law that can be resolved expeditiously in state court."); *Pierce v. Deutsche Bank Nat'l Trust (In re Pierce)*, No. 19-05271, 2019 Bankr. LEXIS 2959, at *6 (Bankr. N.D. Ga. Sept. 25, 2019) (explaining that because there was "pending litigation in state court which involves the same issues raised [in the adversary proceeding] … requiring the parties to litigate these issues in another forum would not result in wasted judicial resources and would not require the parties to start over or incur unnecessary or duplicative expenses.").

[83] Notice of Removal, *Brooks v. Rosebar*, ECF No. 1; Order Dismissing Case Prejudice 180 Days, *In re Rosebar*, ECF No. 112.

[84] *See generally*, Compl., *Brooks v. Rosebar*, Case No. 2014-CA-008071-B (D.C. Super. Ct. Dec. 18, 2014); Mediation Scheduling Order, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. June 5, 2015) (setting mediation for December 16, 2015); Order Denying Mot. Summ. J., *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. July 28, 2016); Notice of Appeal, *Brooks v. Rosebar*, No. 2014-CA-008071-B (Oct. 29, 2016); Mandate, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. July 19, 2019).

[85] Notice Removal, *Brooks v. Rosebar*, No. 2014-CA-008071-B (Bankr. D.D.C. July 23, 2020) (removing only the claim against Erin Rosebar).

over "damages," despite the fact that each claim is based upon the same exact set of underlying facts and allegations.[86] Thus, not only was this case removed after a long pendency at a point in time where there was no prohibition for the Plaintiff to proceed in Superior Court, but after entry of the Opinion, the original case was further subdivided by remand of solely the injunctive portion against the Defendant.[87] If the Opinion stands, it is possible to have two courts consider the exact same set of facts, make divergent decisions thereon including the exact same allegations against one defendant. None of these divisions of the original underlying Superior Court action serve judicial economy. Therefore, it is clear that judicial economy is better served by this Court not retaining subject matter jurisdiction over any portion of the Defamation Claim and remanding the entirety of the Defamation Claim to the Superior Court, where all claims and all defendants can be adjudicated concurrently. This factor weighs against this Court retaining subject matter jurisdiction.

---

[86] As set forth *infra*, Judge Teel chose to retain "damages" presupposing that the Plaintiff was entitled to a default judgment without holding a hearing or otherwise considering whether the Plaintiff was entitled to a default judgment on the merits. *See* Hr'g Summ., *Brooks v. Rosebar*, ECF No. 22; Opinion at 4, *Brooks v. Rosebar*, ECF No. 26. The District of Columbia Court of Appeals has cautioned:

> As we stated in *Hudson v. Ashley*, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis *in the pleadings* for the judgment entered." 411 A.2d 963, 968 (D.C. 1980) (emphasis added) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, a complaint does not in and of itself guarantee judgment, because "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Elmore v. Stevens*, 824 A.2d 44, 46 (D.C. 2003) (quoting *Nishimatsu*, *supra*, 515 F.2d at 1206). On the other hand, well-pleaded facts in the complaint are deemed true by a default. *Nishimatsu*, *supra*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact … and is barred from contesting on appeal the facts thus established.").

*Oliver v. Mustafa*, 929 A.2d 873, 877–78 (D.C. 2007).

[87] *See* Opinion at 4, *Brooks v. Rosebar*, ECF No. 26.

   ii.   *Fairness and convenience to the parties*

   There is no dispute by the parties that the underlying case was pending in the Superior Court for many years. The docket in the Superior Court makes clear that there were numerous delays associated with that litigation born of the multiple bankruptcy filings of the Defendant and her co-defendant husband, discovery disputes between the parties, and the Plaintiff's appeal of a purported settlement.[88] However, the Plaintiff did not include the vast majority of this information in his Notice of Removal, choosing only to incorporate a few select pleadings.[89] As previously noted, at the time of removal, the automatic stay had been terminated in the underlying chapter 13 case based, in part, on the Plaintiff's objection to extension of the stay,[90] and the Plaintiff could have proceeded with his litigation in the Superior Court.[91] Instead, the Plaintiff chose to remove the action to this Court immediately after the onset of the global COVID-19 pandemic,[92] at a time in which this Court and the Superior Court faced the logistical reality of conducting business virtually during the pandemic.[93]

---

[88] Emergency Mot. Sanctions Against Erin Rosebar and Wendell Robinson and for Order to Resume Dep., *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Aug. 31, 2015); Mot. Compel Erin Rosebar to Answer Dep. Questions, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Oct. 20, 2015); Mot. Sanctions, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Feb. 8, 2016); Mot. Sanctions for not Obeying Disc. Order, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Feb. 20, 2016); Mot. Contempt of Wendell Robinson and Erin Rosebar for Walking Out of Dep. in Defiance Court Order to Answer Dep. Questions, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. April 13, 2016); Notice of Appeal, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Oct. 29, 2016); Supp. Mot. for Show Cause Hr'g and Supp. Summ. J. to Counter Claim David Brooks Compl. for Defamation Under D.C. Super. CT. R. Civ. P. 9(b) Pleading Special Matters and for False Statements Made in a Civil Proceeding and Misconduct by Attorney Wendell Robinson and Fraud, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Nov. 23, 2019).

[89] *See* Notice of Removal, *Brooks v. Rosebar*, ECF No. 1.

[90] *See* Creditor David Brooks's [sic] Opp'n to Debtor Erin Rosebar's Mot. for Extension of Automatic Stay, *In re Rosebar*, ECF No. 33.

[91] Stay Termination Order, *In re Rosebar*, ECF No. 36 (terminating the automatic stay as of March 4, 2020).

[92] *See* Notice of Removal, *Brooks v. Rosebar*, ECF No. 1; FEMA, COVID-19 Emergency Declaration (March 14, 2020), *available at* https://www.fema.gov/press-release/20210318/covid-19-emergency-declaration.

[93] While nothing in the Notice of Removal indicates that the COVID-19 pandemic spurred Plaintiff to seek removal, Judge Teel alluded to the perceived speed of this Court's adaptation to COVID protocols compared with the Superior

As a result, instead of the Superior Court conducting a rescheduled hearing on the Praecipe under District of Columbia Superior Court Rule 55, this Court created a procedure that required *pro se* parties to file pleadings supported by affidavits, which the Court would then rely upon in adjudicating the requested relief.[94] During the July 9 Hearing, after submission of the parties' affidavits, Judge Teel did not permit the Defendant to cross-examine the Plaintiff on his filing or to challenge the admissibility of the documents attached thereto related to damages.[95] While the underling default in the Superior Court arguably prevented the Defendant from challenging evidence as to the Plaintiff's right to a default judgment, such default clearly would not restrict the Defendant's ability to contest the claims of or basis for damage. However, the procedure utilized by the Court solely provided for the submission of competing pleadings supported by affidavits by *pro se* parties in the early months of the global COVID-19 pandemic. It was the creation of this process that Judge Teel classified as "substantial" in support of his jurisdictional analysis, though it resulted from a less than one hour hearing and only a one-page order setting deadlines.[96]

---

Court as one major factor in retaining jurisdiction. *See, e.g.*, Order Regarding Operation of the DC Courts During the Coronavirus Emergency (March 18, 2020), *available at* https://www.dccourts.gov/superior-court/covid-orders; In re: Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic, Standing Order No. 20-9 (BAH) (March 16, 2020).

[94] Order Setting Deadlines Regarding Pl's Statement Damages and Req. Inj., *Brooks v. Rosebar* ECF No. 13.

[95] *See generally* July 9 Tr. at 21–36, *Brooks v. Rosebar*, ECF No. 135 (the transcript shows that the Defendant was allowed to offer an opening statement and answer the Court's questions, but there is no indication that the Court permitted the Defendant to cross-examine the Plaintiff about the veracity of the statements in the affidavits upon which the Court relied on for the truth of the matter asserted therein to establish damages); *see also In re Juarez*, No. 16-40560, 2017 Bankr. LEXIS 839, at *10 (Bankr. D. Idaho March 28, 2017) (noting that entering affidavits into evidence without allowing the opposing party an opportunity to cross-examine the declarant is "fundamentally unfair"); *Saverson v. Levitt*, 162 F.R.D. 407, 408–10 (D.D.C. 1995) (explaining that the cases that have allowed the parties to submit affidavit testimony have done so in lieu of direct-examination but have nonetheless preserved the parties' rights to cross-examination and redirect).

[96] Opinion at 4, *Brooks v. Rosebar*, ECF No. 26; Order Setting Deadlines Regarding Pl's Statement Damages and Req. Inj., *Brooks v. Rosebar*, ECF No. 13.

At the continued hearing after submission of the documents, Judge Teel found that (i) the "considerable" time spent by the Court in reviewing the parties' 173 pages of documents; (ii) an unspecified "long delay" previously suffered by the Plaintiff; and (iii) a possible further delay in adjudication if the damages portion was remanded Superior Court supported the retention of subject matter jurisdiction of solely the damages portion of the Defamation Claim.[97] Despite being based upon the same exact set of factual allegations, the Court did not explain as to how there would not be a similar delay as to the injunctive relief portion of the Defamation Claim which was to be remanded. The Court found that the "substantial" pleadings of the parties was a basis to retain jurisdiction. The pleadings, while not de minimis, hardly rise to the level of "substantial." In response to the Courts' scheduling order, the Plaintiff submitted 58 pages of statements and documents, the Defendant submitted 96 pages in what was classified as the "response," and to which the Plaintiff filed 19 pages in reply for a total of 173 pages of documents.[98] Further, the amount of time expended by the Court in reviewing the documents is irrelevant to a "fairness" analysis. Courts frequently spend considerable time preparing for hearings or trials with the parties settling the matter on the eve of the hearing. The Court's inconvenience in time expended (or lost) in preparing for a matter is immaterial to a determination on whether the Court has subject matter jurisdiction.

"When evaluating fairness, courts look at whether re-adjudication of a dispute in another forum would inevitably result in unfairness to the litigants."[99] The Plaintiff chose, despite the

---

[97] *See* Hr'g Summ., *Brooks v. Rosebar*, ECF No. 22.

[98] Statement of Damages and Req. for Inj. by Reason of Default, *Brooks v. Rosebar,* ECF No. 14; Opposition, *Brooks v. Rosebar*, ECF No. 17; Reply Opp'n Mot. Dismiss Pl's Statement Damages and Req. for Inj., *Brooks v. Rosebar*, ECF No. 20.

[99] *Huff v. 21st Mortg. Corp. (In re Huff)*, Nos. 2:17-bk-20290, 2:17-ap-2014, 2021 Bankr. LEXIS 2668, at *17 (Bankr. S.D. W. Va. Sep. 28, 2021).

ability to continue the case in Superior Court, to remove the allegations against the Defendant to

this Court. Given that there was no prohibition against proceeding in Superior Court, the Court

can only infer that the Plaintiff sought jurisdiction in this Court because he believed it provided a

more favorable forum on the removed issues. The Plaintiff's voluntary choice to change forums

despite the ability to continue in the original forum weighs in favor of fairness in remanding this

case to the Superior Court.

Further, the Opinion does not clearly establish how the same exact set of facts and

allegations resulted in opposite determinations on subject matter jurisdiction between the damages

claim (over which the Court retained jurisdiction) and the injunction Claim that was to be

remanded to the Superior Court (over which the Court found that subject matter jurisdiction was

"doubtful"). Thus, in light of splitting the removed actions, retaining one small portion of the

underlying litigation for determination by this Court, and making significant factual findings

without providing the Defendant (i) with the right to cross-examine the Plaintiff, (ii) challenge the

admissibility of evidence, or (iii) address the question of the standard for a default judgment under

District of Columbia law, the result of this Court retaining subject matter jurisdiction is nothing

but an inevitable unfairness to the Defendant.

Requiring concurrent litigation in this Court against the Defendant and in the Superior

Court against Michael Rosebar is clearly inconvenient and may result in unfair or divergent results.

Any potential convenience to the Plaintiff attenuated to this Court making a determination more

expeditiously than might be obtained in Superior Court is vastly outweighed by the fairness and

convenience to the parties by having all issues determined within the original litigation

simultaneously.[100] For all these reasons, this factor weighs against the Court retaining subject matter jurisdiction.

       *iii.*        *Degree of difficulty of issues involved*

The underlying cause of action is a state law defamation claim in which the Defendant, but not her co-defendant husband, was held in default as a discovery sanction. After many delays related to discovery disputes and a three-year gap due to the Plaintiff's appeal, the Plaintiff filed a Precipice requesting a hearing for determination of default judgment against the Defendant based upon the default.[101] The Superior Court granted the request, and a hearing was scheduled promptly in January 2020.[102] As noted above, the Defendant filed her chapter 13 petition just days before the default judgment hearing. While there are hundreds of pages of documents and exhibits included in the Superior Court docket, the underlying cause of action and legal questions as to defamation under District of Columbia law at issue in the original Superior Court matter are not those of first impression, exceptional, or otherwise unique. There is nothing in the Defamation Claim that is applicable to or would require this Court's area of expertise, or that otherwise supports retention of subject matter jurisdiction by this Court. For each of these reasons, this factor weighs against the Court retaining subject matter jurisdiction.

---

[100] *See, e.g.*, *Phila. Gun Club, Inc. v. Showing Animals Respect & Kindness, Inc.*, No. 14-2021, 2016 U.S. Dist. LEXIS 136726, at *12 (D. Pa. Oct. 3, 2016) (declining to exercise supplemental jurisdiction over the plaintiff's state law claims after finding that "personal convenience to the parties in continuing to litigate" in a federal forum does not outweigh the importance of comity, fairness, and judicial economy). Due pendency of the Motion for Reconsideration, the remand of the injunctive request was not sent to the Superior Court. Therefore, upon vacation of the Opinion and Judgment, the case will return to the same procedural posture as it was prior to removal, leading to no prejudice to either party.

[101] Praecipe Req'g Setting of Ex Parte Proof Hr'g, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Sept. 9, 2019).

[102] Event Scheduled Event: Status Hr'g Date: 01/10/2020, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. Nov. 8, 2019).

*iv.*    *Remedies Sought*

Similar to the analysis of the difficulty of the issues involved, there is nothing in the relief sought in the remaining retained cause of action (a monetary judgment against the Defendant) that would require this Court's expertise or retention of subject matter jurisdiction. This factor also weighs against the Court retaining subject matter jurisdiction.

Therefore, the Court finds that each of the four identified factors weigh against the Court exercising its discretion and retaining subject matter jurisdiction of the Defamation Claim in this case. Even applying a more general totality of the circumstances analysis, the Defamation Claim is a long-pending pre-bankruptcy non-core related-to claim that was removed to this Court after the automatic stay was terminated and was pending in this Court only for four months without any material progress before the underlying bankruptcy case was dismissed. One would be hard-pressed to create a definition that more specifically sets forth the type of case over which a bankruptcy court should not retain jurisdiction.

The Opinion did not thoroughly conduct an analysis under either the multi-factor analysis or a totality of the circumstances test in considering whether the Court retained subject matter jurisdiction after dismissal of the underlying chapter 13 case. Upon application of either test, and for the reasons articulated above, the Court finds that it lacked subject matter jurisdiction over the Defamation Claim upon dismissal of the Defendant's underlying chapter 13 case, and the entire Defamation Claim should have been remanded to the Superior Court at that time. Therefore, the Court grants the Motion for Reconsideration and will remand the entire Defamation Claim to the Superior Court.

c.    *Prima Facia Case Required for Entry of Default Judgment*

Because the Court finds that is lacks subject matter jurisdiction over the Defamation Claim, the remaining arguments in the Motion for Reconsideration are moot. However, it is important to note that reconsideration would be appropriate even if the Court had properly retained subject matter jurisdiction following dismissal of the Defendant's chapter 13 case due to a mistake of law.[103] Despite the Court's reference to a default judgment in the May 28, 2020 Minute Order,[104] at the July 9 Hearing and in the Opinion the Court errantly presumed an immediate right to a default judgment.[105] Under District of Columbia law, upon the entry of a default against a party (whether through inaction or a discovery sanction), the defaulted party is prohibited from challenging the allegations in the complaint.

However, such prohibition does not result in an immediate grant of default judgment to the Plaintiff.[106] Under the Superior Court of the District of Columbia Rules of Civil Procedure, a plaintiff seeking default judgment must file a motion or praecipe requesting an *ex parte* proof hearing.[107] The plaintiff must then show by either a verified complaint or additional *ex parte* proof

---

[103] *See* Fed. R. Civ. P. 60(b)(1); *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022) ("Thus, as currently written, 'mistake' in Rule 60(b)(1) includes legal errors made by judges.").

[104] Minute Entry, *Brooks v. Rosebar*, ECF No. 11.

[105] In the Statement of Damages and Request for Injunction by Reason of Default, the Plaintiff incorrectly stated that *Oliver v. Mustafa*, 929 A.2d 873 (D.C. 2007) found that following entry of default as a discovery sanction, "the facts in the complaint are deemed true, and the only issue before the court becomes the determination of damages." Statement of Damages and Req. for Inj. by Reason of Default at 4, *Brooks v. Rosebar*, ECF No. 14. The holding in *Mustafa* is that after entry of default there still must be a determination that the non-defaulting party is entitled to default judgment on the causes of action pled and such determination must be made before a determination of damages is considered. *See also Int'l Painters & Allied Trades Indus. Pension Fund v. K & J Erectors LLC*, No. 04-1236 (RMU), 2006 U.S. Dist. LEXIS 16994, at *3–5 (D.D.C. Mar. 27, 2006) (finding the complaint set forth a *prima facie* case for relief before determining whether default judgment was appropriate); *Flynn v. Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005) (plaintiff must still establish a *prima facie* case to recover default judgment).

[106] *See Oliver v. Mustafa*, 929 A.2d 873, 877–78 (D.C. 2007).

[107] *See* D.C. Sup. Ct. R. Civ. P. 55(b).

during a hearing that they have plead a *prima facie* case in their complaint.[108] In this case, the

Defendant's default was entered after she had filed an answer; therefore, in addition to reliance on

his verified complaint, the Plaintiff would be required to prove his right to a default judgment

through an *ex parte* proof hearing.[109] Such hearing never occurred. Neither at the July 9 Hearing

nor in the Opinion did the Court address whether the complaint and/or the Plaintiff's affidavit was

sufficient to entitle the Plaintiff to a default judgment for defamation under the law of the District

of Columbia.[110] Therefore, the Motion for Reconsideration could also be granted on the basis that

the Opinion failed to first complete the required analysis of whether the Plaintiff was entitled to a

judgment for defamation before the entry of a judgment for damages. In order to be entitled to a

monetary award for defamation, the Plaintiff must first meet his burden to show he is entitled to

default judgment in the court that has subject matter jurisdiction—the Superior Court of the

District of Columbia.

---

[108] *Jones v. Health Res. Corp.*, 509 A.2d 1140 (D.C. 1986); *see also Mandate* at 4, *Brooks v. Rosebar*, No. 2014-CA-008071-B (D.C. Super. Ct. July 7, 2019) ("Mr. Brooks did not move to have default judgment entered against Ms. Rosebar, and no further actions were pursued as to that default.").

[109] *See, e.g.*, *Econ. Rsch. Servs. v. Resol. Econs., LLC*, 208 F. Supp. 3d 219, 224 n.1 (D.D.C. 2016) ("A verified complaint is treated as an affidavit to the extent it is based on personal knowledge and sets forth facts admissible in evidence.") (citing *Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992)); *Neal*, 963 F.2d at 457 (treating a verified complaint as an affidavit under Federal Rule of Civil Procedure 56).

[110] The elements of defamation under D.C. law are:

> (1) defendant made a false <u>and</u> defamatory statement about the plaintiff;
> (2) defendant published that statement without privilege to a third party;
> (3) defendant's fault in publishing met the requisite standard; and
> (4) that statement was actionable as a matter of law irrespective of special harm <u>or</u> publication of the statement cause the plaintiff to suffer special harm.

*Fridman v. Orbis Bus. Intel. Ltd.*, 229 A.3d 494, 504 (D.C. 2020).

## Conclusion

Therefore, for the reasons stated herein, the Court hereby:

1)      Denies the Plaintiff's *Motion to Strike or Disregard Defendant's Post-hearing Brief*;

2)      Grants the Defendant's *Motion for Reconsideration*;

3)      Vacates the *Memorandum Decision RE [sic] Plaintiff's Request for Default Judgment*, *Judgment*, and *Order Remanding This Adversary Proceeding to the Superior Court of the District of Columbia Except for the Monetary Claims Against Erin Michelle Rosebar*; and

4)      Remands the entirety of this case to the Superior Court for the District of Columbia.

[Signed and dated above.]

Service to: David Brooks; Erin Rosebar; recipients of electronic notice.